IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02951-BNB

RANDY PERRIAN,

      Plaintiff,

v.

LIEUTENANT ALLEN HARMS,
LIEUTENANT WOOD,
LIEUTENANT LUECK,
TOM CLEMENTS,
KEVIN MILYARD,
JOHN CHAPDELAINE,
LIEUTENANT H. J. HENDERSON,
LIEUTENANT NICHOLSON,
LIEUTENANT RYNEK,
LIEUTENANT GRAHAM,
SGT. COONS,
SGT. BROWN,
JAMES FALK, and
MAJOR USRY, all in their official and individual capacities,

      Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Randy Perrian, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the correctional facility in Sterling, Colorado. He has submitted *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983, among other statutes. He asks for money damages and injunctive and declaratory relief.

Mr. Perrian has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The Court must construe liberally Mr. Perrian's filings because he is not

represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an

advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated

below, Mr. Perrian will be ordered to file an amended complaint.

The Court has reviewed the Prisoner Complaint and has determined that the

complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules

of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties

fair notice of the basis for the claims against them so that they may respond and to

allow the court to conclude that the allegations, if proven, show that the plaintiff is

entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American*

*Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of

Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications*

*Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d

1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain

(1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short

and plain statement of the claim showing that the pleader is entitled to relief; and (3) a

demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1),

which provides that "[e]ach allegation must be simple, concise, and direct."  Taken

together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity

by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Perrian's complaint is unnecessarily verbose and disorganized.  Despite the

fact that he only asserts claims of retaliation (claim one) and cruel and unusual

punishment (claim two), he fails to provide a short and plain statement of these claims

2

showing that he is entitled to relief.  For example, it is unclear whether Plaintiff is trying

to assert multiple acts of retaliation, including but not limited to (1) being subjected to

correctional officers applying handcuffs too tightly to his wrists in retaliation for his

request to use the bathroom and (2) being charged with and convicted of a disciplinary

offense in retaliation for filing a grievance.  In short, Plaintiff has failed to make clear

what act or acts of retaliation form the basis for his first claim.

As a result, Mr. Perrian fails to assert his claims in a manner that is clear and

concise and allows the Court and defendants to understand and respond to each

asserted claim.  The general rule that *pro se* pleadings must be construed liberally has

limits and "the court cannot take on the responsibility of serving as the litigant's attorney

in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux

& Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

In the amended complaint he will be ordered to file, Mr. Perrian must identify,

clearly and concisely and in plain language, who he is suing, the specific claims he is

asserting, the specific facts that support each asserted claim, against which defendant

or defendants he is asserting each claim, and what each defendant did that allegedly

violated his rights. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163

(10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain

what each defendant did to him or her; when the defendant did it; how the defendant's

action harmed him or her; and, what specific legal right the plaintiff believes the

defendant violated").

The complaint also is deficient because Mr. Perrian fails to allege facts that

demonstrate each of the named defendants personally participated in the asserted

3

constitutional violations.  For example, some defendants, such as James Falk and the late Tom Clements, appear to be sued only in a supervisory capacity.  Mr. Falk, warden of the Sterling Correctional Facility, specifically appears to be sued merely because he was copied on correspondence.

In addition, § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.").  Therefore, Mr. Perrian should name as defendants only those persons he contends actually violated his federal constitutional rights.

Personal participation is an essential allegation in a civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Mr. Perrian must show that each defendant caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A supervisory official may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his

4

own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).   Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."  *Id.* at 1199.

Mr. Perrian may not sue defendants whose only apparent involvement in the alleged constitutional violations was to deny his grievances.  Such allegations are not sufficient to hold a defendant liable under § 1983.  "[A] denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

Mr. Perrian may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights.  However, if Mr. Perrian uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

In summary, Mr. Perrian will be directed to file an amended complaint that states his claims clearly and concisely, asserts what constitutional rights were violated, and alleges specific facts demonstrating how each named defendant personally participated in the asserted constitutional violations.  He must not set forth an unnecessary discussion of insignificant details and legal argument in support of his claims rather than

providing "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).  For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

Accordingly, it is

ORDERED that Plaintiff, Randy Perrian, file **within thirty days from the date of this order** an amended Prisoner Complaint that complies with the directives of this order.  It is

FURTHER ORDERED that Mr. Perrian shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and shall use that form in submitting the amended complaint.  It is

FURTHER ORDERED that if Mr. Perrian fails to file an amended complaint as directed within the time allowed, some claims against some defendants, or the entire complaint, may be dismissed without further notice.

DATED November 5, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge